UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUS ALBERTO QUINTANA COBAS, by
Next Friend Luis Eduardo
Quintana Dublon,

       Petitioner,

  v.                          Case No.  2:26-cv-1185-JES-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH,  U.S. ATTORNEY GENERAL,

       Respondents,

_____/

**OPINION AND ORDER**

This matter is before the Court on the 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Luis Eduardo Quintana Dublon on behalf of his father Lus Alberto Quintana Cobas. (Doc. 1). Because the petition is not signed by Quintana Cobas or his attorney, the Court will dismiss the petition, and Quintana Cobas must file an amended petition if he wishes to proceed.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]"

Id. at 163.  To demonstrate that "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party.  Id.

Quintana Dublon has not met this standard.  There is no allegation that Quintana Cobas is mentally incompetent or has been denied access to the courts.  Because Quintana Dublon does not demonstrate the propriety of "next friend" status, he lacks standing to initiate this action on Petitioner's behalf.  See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.").

In addition, while Rule 17(c) of the Civil Rules of Civil Procedure provides for certain representatives to sue on behalf of another, it does not confer on those representatives a right to act as legal counsel for somebody else.  Quintana Dublon does not claim to be a lawyer, and he cannot represent Quintana Cobas in this action.  See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)(noting that although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others").

Accordingly, it is **ORDERED:**

1.    The Petition (Doc. 1) is **DISMISSED without prejudice.** Should Quintana Cobas wish to continue, he must return an amended petition within **TWENTY-ONE (21) DAYS** from the date on this Order.

2.    The Clerk shall mail Lus Alberto Quintana Cobas (A# 074142601) at Florida Soft Side South Detention Center a copy of this Order, the petition at docket entry one, and a 28 U.S.C. § 2241 petition for writ of habeas form (AO 242).

3.    If Quintana Cobas does not return an amended petition within the time allotted—or seek an extension of time to do so— this file will be closed.

**DONE AND ORDERED** in Fort Myers, Florida on April 20, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Lus Alberto Quintano Cobas (A#074142601), Luis Eduardo Quintana Dublon
Encl: Docket Entry One, Form AO 242-28 U.S.C. § 2241 form